# DISTRICT COURTS OF U. S.

## No. 816

### NALTY v. LOCAL UNION No. 65, etc.

U. S. District Court, N. D., Ohio, E. D.

**383. WORK AND LABOR**

Action for damages lies for refusal by Labor Union to transfer membership from one local to another.

A Labor Union, although unincorporated, is liable in law for the wrongs done by officers acting within the real or apparent authority scope of their authority.

WESTENHAVER, J.

#### CHARGE TO THE JURY

This was an action by a member of a Pittsburgh local labor union for loss of employment occasioned by the refusal of the Cleveland Local of the same National Union to accept him into membership. The Union constitution provided that any local union should accept a transfer card from another local union and accept the member into membership.

Plaintiff claimed that the Cleveland local refused to accept his transfer card; that he appealed to the highest board of the National Union, which sustained the local union; that he was offered several positions in Cleveland, conditioned upon his being accepted into membership in the Cleveland local. He was out of work about a year by reason of the refusal. The action was based upon breach contract, in that it was claimed the Cleveland loc broke the terms of its constitution in refusing plai tiff membership.

The court charged the jury that it was the rig and privilege of the plaintiff to select the pla where he would work and that upon the plaint presenting his transfer card, it became the du of the Cleveland local to accept it and give him permit to work. The refusal to accept him wou be wrongful even though based upon the grou that there was not sufficient work for the membe already registered in the Cleveland local. T action of the Executive Board of the National Uni in refusing the plaintiff transfer would not be a k to the plaintiff from recovering by an action at la A labor union, although being an unincorporat voluntary association, is liable in law for the wron done by its officers and executive board acting wi in the real or apparent scope of their authority.

A verdict of $3,000 was returned agains Cleveland local union.

Attorneys—Stanley & Horwitz, for plaintiff; Paul Trompson and Wm. J. Dawley, for defendar

# SUPREME COURT OF OHIO

## NEW CASES FILED

### For Week Ending Nov. 10

18205—The State of Ohio ex rel O. D. Crawfo as executor of the last will of Flora Morton, de v. the Industrial Commission of Ohio; in mandam Emmons & Emmons, Alliance, for plaintiff; C. Crabbe, Atty. Gen., and R. R. Zurmehly, Columb for defendant.

18206—John W. Waymire v. the Board of Edu tion of the Rural School District of Randolph To ship, Montgomery County, Ohio, and Benjami Studebaker, Harry E. Ulrey, Charles Johnson, ney Small and C. C. Knoop, individually and the officers and members of said Board of Edu tion; motion for an order directing the Court Appeals of Montgomery county to certify its rec Byron B. Harlon and A. McL. Marshall, Dayt for plaintiff; Iddings & Iddings and R. E. Hask Dayton, for defendants.

18207—Alfred A. Jenkins, executor of Silas Hit cock, deceased, v. Charles E. Cole; motion for order directing the Court of Appeals of Cuyah county to certify its record. Griswold, Green, mer & Hadden, Cleveland, for plaintiff; A. H. bach, Cleveland, for defendant.

18208—Conrad J. Schlaegel v. Mattie Lust, Ja J. Zeiher and Raymond A. Zeiher; motion for order directing the Court of Appeals of Me county to certify its record. Peoples & Peop Pomeroy, and H. W. Cherrington, Gallipolis, plaintiff; A. D. Russell and O. H. Stewart, Pome for defendants.